# Wheeling.

WILLIAM T. MANN, EX'R, vs. JOHN V. PERRY, ADM'R, &c.

### August Term, 1869.

1. If a declaration contains but one count, the *insimul computassent* count, claiming a certain sum without a bill of particulars, the plaintiff cannot introduce evidence to prove an account stated for a different sum.

2. It is too late after verdict, no motion having been made nor leave asked, to amend the pleading to meet the proof, nor the court asked to instruct the jury to find the facts as provided by the 7th section of chapter 177, page 732, Code 1860, to make the action of the court, in excluding proof irrelevant to the issue under the pleadings, a ground for setting aside the verdict and granting a new trial.

This case arose in Monroe county. The declaration was filed at April rules, 1866, and contained but one count, the *insimul computassent* count averring that the plaintiff's testator, upon accounting with the defendant's testator, the latter owed the former 600 dollars, and being so indebted undertook, &c.

There was no bill of particulars filed with the declaration.

The plaintiff, on the trial offered proof of an account stated of 500 dollars, to which the defendant below objected, and his objection was sustained, and after verdict the court gave judgment for the defendant for costs.

After verdict the plaintiff moved the court to set it aside and grant him a new trial that he might move for leave to amend his declaration by adding a new count, but the court overruled his motion, and he excepted and brought the case to this court on a supersedeas.

*Sperry* and *Davis* for plaintiff in error.
*Tebbitts* for the defendant in error.

BROWN, President.    The count was upon an account stated for 600 dollars, without a bill of particulars.    The evidence excluded was to prove an account stated for 500 dollars.    Under the ruling in the case of *Minor* vs. *Minor*, 8 Grat., 1, it was properly excluded as irrelevant to the issue under the pleadings as they were.

No motion was made nor leave asked to amend the pleadings to meet the proof before verdict, nor was the court asked to direct the jury to find the facts, as provided by the statute Code, 1860, sec. 7, p. 732.

After verdict, without objection, it was too late to make the action of the court in excluding evidence irrelevant to the issue under the pleadings, and not objected to at the time, a ground for setting aside the verdict and awarding a new trial.

I think, therefore, the judgment should be affirmed, with costs to the defendant in error.

The other judges concurred.

JUDGMENT AFFIRMED.